IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEBRA A. MARLOWE HOLMES,

    Plaintiff,

v.                                        Civil Action No. 1:04CV96
                                                        (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ACCEPTING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

On June 24, 2005, United States Magistrate Judge James E. Seibert submitted a report and recommendation finding that the opinion of the Administrative Law Judge ("ALJ") was supported by substantial evidence, and recommending that the plaintiff's motion for summary judgment in the above-styled civil action be denied and that the defendant's motion for summary judgment be granted.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff filed objections to the magistrate judge's report and recommendation on the following issues: (1) whether remand is required based on changes in the musculoskeletal listings; (2) ALJ's failure to call a medical expert; (3) ALJ's

findings that urinary incontinence, diarrhea, anxiety and panic attacks were not "severe;" (4) ALJ's credibility analysis; (5) ALJ's assessment of treating physician report; (6) whether the ALJ's residual functional capacity ("RFC") properly reflected specific limitations justified by the record; and (7) whether ALJ unreasonably interfered with counsel's ability to question the Vocational Expert ("VE").

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).

Accordingly, this Court reviews de novo the magistrate judge's findings to which the plaintiff has objected. All other findings of the magistrate judge are reviewed for clear error.

## II. Facts

On November 5, 1996, the plaintiff filed for Disability Insurance Benefits ("DIB"), which was denied without appeal. The plaintiff filed a second application for DIB on February 9, 1998

2

and her application was again denied initially as well as on reconsideration. Following a hearing, an ALJ entered an opinion on July 25, 2000 denying the plaintiff's claim finding that she was not disabled within the meaning of the Social Security Act. The Appeals Council denied the plaintiff's request for review on March 12, 2004 and the plaintiff filed this action for review of the ALJ's opinion.

### III. Legal Standards

A. Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

B. Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

3

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not

desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

As stated above, the plaintiff's objections raise the following issues: (1) whether remand is required based on changes in the musculoskeletal listings; (2) ALJ's failure to call a medical expert; (3) ALJ's findings that urinary incontinence, diarrhea, anxiety and panic attacks were not "severe;" (4) ALJ's credibility analysis; (5) ALJ's assessment of treating physician report; (6) whether the ALJ's RFC properly reflected specific limitations justified by the record; and (7) whether ALJ unreasonably interfered with counsel's ability to question the VE. This Court addresses each of the objections in turn.

A.  Musculoskeletal Listings

The ALJ evaluated the plaintiff's physical impairments pursuant to Listing 1.05(C) and found that objective medical evidence did not support a finding that the plaintiff's impairments met or equaled Listing 1.05(C).  The plaintiff argues that revised listings have replaced Listing 1.05(C), relaxing some of the old requirements and making it easier for a person to show disability through certain physical impairments.  Accordingly, the plaintiff argues this case should be remanded in order for the ALJ to consider the plaintiff pursuant to the revised listings.

The magistrate judge found that the ALJ properly evaluated the plaintiff under Listing 1.05.  Specifically, the magistrate judge recognized that changes in the musculoskeletal listings occurred after the ALJ's July 25, 2000 opinion denying DIB for the plaintiff.  This Court agrees with the magistrate judge's finding that the change in musculoskeletal listing occurred after the ALJ's decision, and therefore, remand is not available.  Even if the plaintiff would qualify under the new musculoskeletal listings, it is improper to apply those standards retroactively to her claim. Curran-Kicksey v. Barnhart, 315 F.3d 964, 967 (8th Cir. 2003).  As Curran-Kicksey holds, "[t]he SSA clearly and unambiguously explained when the new listings were issued that they apply to only those cases that have not resulted in a final administrative decision by February 19, 2002."  Id.  Accordingly, the plaintiff's

argument must be rejected and this case should not be remanded for consideration under the new musculoskeletal listings.

B.  Need for Medical Expert

The plaintiff argues that the ALJ abused his discretion by failing to call a medical expert pursuant to Social Security Ruling (SSR") 96-6p when evidence became available that the plaintiff required a walker and/or two canes.  The magistrate judge found that neither the ALJ nor the Appeals Council opined that additional medical evidence would change the state agency medical or psychological consultant's finding that the impairment is not equivalent in severity to any impairment in the Listing of Impairments, and therefore, a medical examiner was not required pursuant to SSR 96-6p.

This Court agrees with the magistrate judge's finding. Moreover, the ALJ specifically addresses and rejects the plaintiff's contention that she was unable to ambulate effectively. In support of his position, the ALJ cites the independent medical examination of Dr. Roncaglione which reports that the plaintiff used a walker during his examination and required assistance getting onto the examination table, but that she had "significant callouses on the tibial aspects of both great toes at the IP joint level and at the metatarsal phalangeal joint level, as well as horseshoe callouses on the heels of both feet, 'indicating considerable ambulatory activity recently.'"  (R. 33.)  In

7

addition, the ALJ considered Hugh M. Brown, M.D.'s RFC conducted pursuant to SSR 96-6p finding that the plaintiff was capable of light work. (R. 404; R. 35.) Accordingly, this Court finds the ALJ's decision not to call an additional medical expert is supported by substantial evidence.

C.  <u>Urinary Incontinence, Diarrhea, Anxiety and Panic Attacks</u>

The plaintiff argues that the ALJ improperly found that the plaintiff's urinary incontinence, diarrhea, anxiety and panic attacks were not "severe" and would not have more than a minimal impact upon her ability to work. However, the plaintiff offers nothing from the record to support her objection and she provides no explanation as to why the ALJ's finding was improper.

In stark contrast, the ALJ's opinion acknowledges the plaintiff's allegation that she suffered from incontinence, diarrhea, anxiety and panic attacks and then supports with evidence from the record his finding that such symptoms were not "severe." For example, the ALJ reviews statements by treating psychologist Teresa D. Smith, Ph.D., who found that the plaintiff exaggerated the extent of her limitations and manipulated tests. (R. 32.) The ALJ also relies partially on the state agency medical consultants evaluation of slight limitations in daily living and social functioning (R. 33), as well as a report from Dr. Roncaglione who opined that the plaintiff's chronic pain had produced no lasting

neuromuscular deficit and that she could gradually assume "an extremely vigorous lifestyle." (R. 33).

Accordingly, this Court finds the ALJ's treatment of the plaintiff's incontinence, diarrhea, anxiety and panic attacks as not "severe" is supported by substantial evidence.

D. Credibility

Plaintiff argues that the ALJ erred in his assessment of the plaintiff's credibility by using a report from the Workers Compensation Fund claim file which was not found reliable by the Workers Compensation Judge and which was inconsistent with the "great weight" of other evidence. Again, the plaintiff fails to direct this Court to evidence from the record to support the assertions made in this objection. Nevertheless, upon review of the record, this Court finds that the ALJ's credibility determination is supported by substantial evidence.

For example, Dr. Smith indicated that the plaintiff exaggerated her limitations and used her knowledge from her experience as a trained nurse to manipulate tests results. Dr. Roncaglione found physical evidence from the plaintiff's feet that plainly contradicted her statements regarding her ability to ambulate. The ALJ also noted discrepancies between the plaintiff's statements regarding prescribed drugs, her use of prescribed drugs and her professional knowledge of such drugs as a nurse. Finally, this Court must weigh the ALJ's ability to observe the plaintiff

testifying at the hearing and the credibility of such "live" interaction.

Ultimately, the Workers Compensation Judge's opinion has little bearing, if any, on the propriety of the ALJ's opinion because that opinion is based on substantial evidence from the record notwithstanding the alleged use of a report from the Workers Compensation Fund claim. Thus, the plaintiff's objection to the credibility analysis is rejected.

E.  ALJ's Assessment of Treating Physician Report

The plaintiff objects to the magistrate judge's finding that the ALJ did not fail to properly analyze evidence from the plaintiff's treating physician, Dr. Wantz. Specifically, the plaintiff argues that the recommendation relied on the conclusions of Dr. Wantz in the RFC and did not cite the doctor's findings regarding the nature and severity of the plaintiff's medical impairments and his opinion regarding specific work limitations that formed the basis for his conclusion.

This Court does not find the alleged omission to be an error and finds the ALJ's treatment of Dr. Wantz's opinion to be proper and supported by substantial evidence. In particular, the ALJ found that Dr. Wantz's opinion was based in large part on the plaintiff's subjective complaints. As this Court previously discussed, the ALJ reasonably believed the plaintiff to be not entirely credible, and therefore, properly tempered reliance on Dr.

10

Wantz's opinion. Moreover, as the magistrate judge notes, Dr. Wantz's opinion is inconsistent with substantial evidence in the record. Accordingly, this Court finds that the plaintiff's objection with regard to the ALJ's treatment of the treating physician is without merit.

F.  Limitations in RFC

The plaintiff argues that the ALJ's RFC did not include specific limitations that were justified by the record. The plaintiff does not explain in her objection which limitations should have been included. In her motion for summary judgment, the plaintiff argues that the RFC should have included limitations resulting from (1) mental impairments and pain, (2) ability to concentrate, (3) ability to understand remember or carry out detailed instructions and thereby be able to use past skills, (3) ability to maintain composure in the workplace, (4) ability to exercise judgment and act independently, and (5) ability to relate to supervisors or co-workers.

This Court finds no error in these omissions. The ALJ established limitations for the plaintiff's RFC that were based upon substantial evidence, including but not limited to the limitation that the plaintiff "must avoid the stress of having any significant contact with the general public." (R. 35). The ALJ is not required to add limitations that are not supported by substantial evidence. Rather, a reviewing court must afford the

11

ALJ "great latitude in posing hypothetical questions" as he need only pose those questions that contain impairments supported by the record. France v. Apfel, 87 F. Supp. 2d 484, 490 (D. Md. 2000)(citations omitted). Accordingly, this Court finds no error in the ALJ's RFC and rejects the plaintiff's objection that additional limitations were required.

G.  Plaintiff's Counsel's Right to Question the VE

The plaintiff's counsel argues that she was prevented from posing certain hypothetical questions to the VE, and therefore, the VE did not consider hypothetical questions that included all of the plaintiff's limitations. This Court disagrees.

First, as stated above, this Court finds that the ALJ's hypothetical questions fairly set out all of the claimant's impairments. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Moreover, because an ALJ is not required to include in a hypothetical question to a VE any impairments that are not supported by the record, see Prosch v. Apfel, 201 F.3d 1010, 1015 (8th Cir. 2003), it stands to reason that an ALJ need not allow another to ask questions unsupported by the record. Nevertheless, this Court recognizes that the plaintiff's attorney should ordinarily have an opportunity to question the VE. See Alexander v. Apfel, 14 F. Supp. 2d 839, 843 (W.D. Va. 1998)(finding error when an ALJ refused to allow a plaintiff's attorney to propound alternate hypotheticals).

Accordingly, this Court has reviewed the exchange between the ALJ and the plaintiff's attorney in this action. It is clear from the transcript that the plaintiff's counsel and the ALJ had a lengthy discussion on how the plaintiff's counsel should phrase her hypothetical questions. (R. 586-91.)[1] It appears that the ALJ was concerned that the plaintiff's counsel was asking questions using undefined terms such as "frequent." (See R. 592.) The ALJ explained to the plaintiff's attorney that using undefined terms "like often or moderate or mild" would allow the vocational expert to "set their own residual functional capacity," instead of leaving this function to the ALJ and the medical experts. (R. 596.) This Court believes the ALJ's concern is not without merit.

Notwithstanding this position, it is particularly pertinent to this Court's review that, when the plaintiff's counsel expressed frustration in her inability to ask questions, the ALJ acknowledged her frustration, questioned the plaintiff's counsel on the nature of the opinion sought from the VE and offered examples of proper hypotheticals geared toward obtaining a proper response. (R. 593-95.) The plaintiff's counsel then had additional opportunities to ask questions of the VE uninterrupted. (R. 596-602.) Finally, as

---

[1]Plaintiff's counsel indicates in her motion for summary judgment that she wishes that the discussion had not been on the record and before her client. However, the record does not reflect that the plaintiff requested that a discussion be held off the record. There are instances throughout the hearing where the VE requested to go off the record and such request was granted.

noted by the magistrate judge, the ALJ indicated to the plaintiff's counsel, "you do it in exactly the way that you feel is right so that's on the record." (R. 611.) The attorney declined at this point, assuming that any attempt to ask additional questions would be censored. Plaintiff's counsel's self-censorship is not the same as an order by the ALJ preventing further hypotheticals. Indeed, the record indicates that the plaintiff's counsel could have continued to ask questions of the VE if she so desired.

In sum, this Court finds that the ALJ made exceptional efforts to help the plaintiff's counsel fashion questions in an acceptable and relevant manner. Moreover, the ALJ appears to have given the plaintiff's attorney ample opportunity to formulate additional questions as the attorney saw fit. That the attorney declined to continue to ask questions does not mean that the VE's opinion was not based on hypothetical questions which fairly set out all of the claimant's impairments. Walker at 50. As stated above, this Court finds the questions posed to the VE did, in fact, set out all of the claimant's impairments as supported by the record. Accordingly, the plaintiff's final objection must be rejected.

V. Conclusion

After reviewing the magistrate judge's findings, this Court agrees that the ALJ's decision was supported by substantial evidence, that the plaintiff's objections are without merit, that the defendant's motion for summary judgment should be granted, and

14

that the plaintiff's motion for summary judgment should be denied. This Court concludes that there are no remaining genuine issues of material fact for this Court to consider.

For the reasons stated above, this Court ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, it is ORDERED that the summary judgment motion of the defendant be GRANTED and the plaintiff's motion for summary judgment be DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 25, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE